## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br><br> **v.** <br><br> **[13] ANTHONY VAZQUEZ-** <br> **ARROYO, A/K/A "Buri,"** <br> **Defendant.** | **Criminal No. 19-121 (SCC)** |

### UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America through the undersigned attorneys, and to this Honorable Court very respectfully prays as follows:

### I.    Procedural Background

1.    On or about 20 February 2019 Defendant, [13] ANTHONY VAZQUEZ-ARROYO, A/K/A "Buri," was charged in a seven-count indictment (DE 3). Defendant was charged in counts one through six.  *Id.*  Count One charged that Defendant, with others, being persons employed by and associated with the enterprise, LAS FARC or LAS FARC COMPANY, which engaged in the purchase and sale of drugs—mostly within various Public Housing Projects in San Juan, Puerto Rico and sending cocaine and other drugs to the continental United States for further distribution, in violation of Title 21 U.S.C. §§ 841 and 846.  *Id.*  In addition, Count Two charged the defendant with aiding and abetting in the Possession/Distribution of

Heroin in violation of Title 21 U.S.C. § 846 and 860.  *Id.*  Count Three charged the defendant with aiding and abetting in the possession of crack in violation of 21 U.S.C. § 846 and 860 and Title 18, U.S.C. 2.  *Id.*  Count Four charged the defendant with aiding and abetting in the Possession/Distribution of Cocaine in violation of 21 U.S.C. § 846 and 860 and Title 18, U.S.C. 2.  *Id.*  Count Five charged the defendant with aiding and abetting in the Possession/Distribution of Marijuana in violation of 21 U.S.C. § 846 and 860 and Title 18, U.S.C. 2.  *Id.*  Count Six charged the defendant with unlawfully possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  *Id.*

2.      On 17 August 2022 Defendant pleaded guilty to Counts One and Six of the Indictment.  (DE 2103).  Based on the plea agreement entered between the parties, the United States submit the following sentence recommendation to the Court:

On Count One, the United States respectfully requests a sentence of 84 months. On Count Six, the United States respectfully requests a sentence of 60 months and that the sentences on these two counts run consecutively to one another.  In other words, the United States respectfully request a sentence of 144 months of imprisonment.

3.      As to Count One, and pursuant to the guideline calculation on the Pre-Sentence Report (PSR), Defendant's guideline sentencing range as to count one of the Indictment is from 78 to 97 months of imprisonment.  Pursuant to the PSR, the guideline calculation started with a base offense level of 22, pursuant to USSG §2D1.1(c)(9) (at least 400 but less than 500 grams of cocaine).  In the PSR, Defendant was given a 2-point enhancement pursuant to USSG §2D1.2(a)(1) since the offense

was committed within protected location.  In the PSR, Defendant was also given a 3-point enhancement for his leadership role in the offense.  And 3 points decrease is warranted pursuant to USSG §3E1.1 due to Defendant's acceptance of responsibility. The total offense level calculated in the PSR is of 26, under a criminal history category of III.

4.      As to Count Six, and pursuant to USSG § 2K2.4(b), the guideline sentence is equal to the minimum penalty allowed by statute of 60 months.

5.      The parties based their plea agreement on the same analysis as that outlined in the PSR with the difference that the parties only included a 2-point enhancement for Defendant's role in the conspiracy.

## II.     Applicable Law

6.      In *United States v. Booker*, the Supreme Court rendered the sentencing guidelines advisory thus limiting appellate review of sentencing decisions to determining whether they were "reasonable."  543 U.S. 220, 260 (2005).  Therefore, this court's sentencing decisions are reviewed "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38 (2007).  This standard is used regardless of whether the sentence imposed is inside or outside the Guideline Sentence Range (GSR).  *See id*. at 50.

7.      A district "court ordinarily should begin by calculating the applicable guideline sentencing range; then determine whether or not any departures are in order; then mull the factors delineated in 18 U.S.C. § 3553(a) as well as any other relevant considerations; and, finally, determine what sentence, whether within, above, or

below the guideline sentencing range, appears appropriate." *See United States v. Dávila-González*, 595 F.3d 42, 46 (1st Cir. 2010) (quoting *United States v. Pelletier*, 469 F.3d 194, 203 (1st Cir. 2006)); *see also United States v. Jiménez-Beltre*, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc).

8.      The First Circuit has recognized the value of community-based factors in fixing a sentence. *See, e.g., United States v. Flores-Machicote*, 706 F.3d 16, 23 (1st Cir. 2013) ("[T]he incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence.").

9.      The § 3553(a) factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

### III.   Discussion

10.      LAS FARC was a criminal enterprise that controlled multiple housing projects and wards within the municipalities of San Juan.  LAS FARC controlled the drug trafficking activities in more than fourteen housing projects and wards located

within the above-mentioned areas. LAS FARC preserved power and protected their power, territory, and profits through the use of intimidation, threats of violence, and abduction.  It was how they controlled and maintained fear of the enterprise and fear of its members. Defendant acted as a drug point owner and enforcer for LAS FARC enterprise. As a drug point owner, Defendant would purchase multi-kilogram quantities of narcotics and oversee the transportation and sale of such narcotics at the drug points.  As an enforcer, Defendant would possess, carry, brandish, use and discharge firearms to protect the leaders and members of the DTO, the narcotics, the proceeds derived from their sales, and to further accomplish the goals of the conspiracy.  While multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy, Defendant acknowledged at sentencing that, during the span of the conspiracy, he possessed with intent to distribute at least 400 but less than 500 grams of cocaine.

11.    The United States submits that in order for the Court to impose a sentence that promotes respect for the law and protects society from further crimes of the Defendant, and considering others 18, U.S.C. 3553(a) factors, it needs to consider the nature of the offense, Defendant's role in the offense, the amount of drugs and violence involved, the possession and use of firearms by Defendant, and Defendant's history and characteristics.

12.    In consideration of all the above-mentioned factors, the United States recommends that Defendant be sentenced to eighty-four (84) months of imprisonment on Count One and sixty (60) months of imprisonment on Count Six for a total of one

hundred forty-four (144) months.

13.    The United States submits that the above-mentioned sentence recommendation should be sufficient but not greater than necessary considering the circumstances involving this case. Furthermore, it is a sentence that promotes respect for the law, provides just punishment for the offense and protects the public from further crimes of Defendant.  See 18 U.S.C. § 3553(a).

**WHEREFORE**, the United States respectfully requests that this Honorable Court take notice of all the above-mentioned and sentence the Defendant accordingly.

**RESPECTFULLY SUBMITTED**.

San Juan, Puerto Rico, this 17 November 2022.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel(s) of record.

W. STEPHEN MULDROW
United States Attorney

*s/ Joseph Russell*
Joseph Russell
Assistant United States Attorney
Government No. 03413
United States Attorney's Office
Chardón Tower, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
